HEIRS OF FRANCISCO MOLINA VARELA, Plaintiffs and Appellees, *v.* SOCIEDAD PROTECTORA DE LOS NIÑOS HUÉRFANOS DE RÍO PIEDRAS, Defendant and Appellant.

No. 8419. Argued February 4, 1943.—Decided April 28, 1943.

*Heriberto Torres Solá* and *Federico J. Pérez Almiroty* for appellant.
*Silvestre Cruz Disdier* for appellees.

Mr. Justice Todd, Jr., delivered the opinion of the court.

The fundamental question involved in this case is whether the trial court erred in deciding that a mortgage foreclosure proceeding is void because the motion asking for the publication of edicts for John Doe and Richard Roe as unknown heirs of Francisco Molina Varela, mortgage debtor, was not sworn to. The following were the proved facts:

The Sociedad Protectora de los Niños Huérfanos de Río Piedras in the initial amended petition of the said foreclosure proceeding filed in the District Court of San Juan in June 20, 1933, alleged that Francisco Molina Varela, the mortgage debtor, died in Puerto Rico around the year 1928, which fact was corroborated by his death certificate, and that the plaintiff did not know who his heirs were or their whereabouts. The demand for payment was issued and the marshal served it on Marta Hernández as the person in charge of the mortgaged estate and in her legal character as the person in

charge of the same, and said officer stated in the return that he could not notify the Heirs of Francisco Molina Varela, because he did not know what persons constituted the same or their whereabouts. On August 14, 1943, the plaintiff filed a motion for the publication of edicts, without swearing to it and without attaching to it an affidavit of merits, so that payment could be demanded of the unknown heirs by publication of edicts in the newspaper "La Correspondencia" once a week and for a period not less than a month. The court issued the corresponding order, and the said edicts were published, not in the aforesaid newspaper, but in "El País." The foreclosure proceeding went forward, a decree was entered, and the property was sold at public sale to the mortgage creditor on December 5, 1934.

Five years later, the Heirs of Francisco Molina Varela, consisting of his children, instituted this action to annul the mortgage foreclosure proceeding and for revendication, alleging that the said foreclosure proceeding is null for the following reasons:

"A.—The court ordered the demand for payment, through an amended initial petition (*sic*) filed a long time after the Registrar of the Property issued the certificate required by the Regulations to give jurisdiction to the court to take cognizance of mortgage foreclosure proceedings.

"B—The mortgage foreclosure proceeding was prosecuted against fictitious persons, because it was alleged that the Heirs of Francisco Molina Varela were unknown, when the mortgage foreclosing party knew, and also the marshal of this court knew, that the District Court of San Juan had declared who they were, and when the marshal served the demand on Marta Hernández at her home, she informed him who the heirs were.

"C—That the publication of the edicts for the notification was not made by virtue of a sworn statement stating the merits of the case, and the court therefore did not acquire jurisdiction over the alleged unknown heirs.

"D—That the publication of the edicts was made in a paper different from the one designated by the court in its order for publication.

"E—That when the mortgaged farm was ordered to be offered in public sale there was no previous valuation as is required for the sale in accordance with the law in effect at the time of the issuance of the order of sale.

Once the evidence for the plaintiff was heard, the defendant filed a motion for nonsuit, stating that he submitted the case without evidence. The court below, in its opinion, giving judgment for the plaintiff, and declaring the foreclosure proceeding void, stated that reasons for nullity "A" and "B" had not been proved, but that "C" was, and that this being sufficient to declare it null, it did not deem necessary to decide the ones marked with letters "D" and "E."

The defendant appealed and alleges that the district court erred in deciding that the District Court of San Juan did not acquire jurisdiction over the Heirs of Francisco Molina Varela in the foreclosure proceedings, the nullity of which it decreed, because the motion asking that the defendants be summoned through the publications of edicts was not sworn to.

The second paragraph of §128 of the Mortgage Law, reads as follows:

"Demand for payment shall be made on the debtor if he resides in the place where the estate is located and if his domicile be known; otherwise it shall be sufficient to make demand upon the persons who may be in charge of the estate in any legal capacity whatsoever, in order that he may advise the owner of the demand."

The fourth paragraph of §171 of the Regulations for the Execution of the Mortgage Law provides that:

"When the demand for payment is not served at the domicile of the person from whom payment is due, nor on an attorney in fact or lesssee having charge of the estate, it shall be published in addition by means of edicts which shall be inserted in the gazette of the corresponding island, and in such case the term of 30 days shall begin to be counted from the date of the publication in said official periodical."

And the last paragraph of §176 of said Regulations, says that:

"The provisions of the Law of Civil Procedure in force in Cuba, Porto Rico and the Philippines, shall be applicable to these proceedings as supplementary, in so far as they are not in conflict with the provisions of the Mortgage Law and these regulations."

The court below, upon the basis of this last provision and of the fact that this Supreme Court in the case of *Vázquez* v. *Gutiérrez*, 52 P.R.R. 162, said that the Law of Civil Procedure, to which reference is made by §176, *supra,* has been replaced by our present Code of Civil Procedure, decided that to the instant case is applicable §94 of this last. Code, which provides:

"Section 94.—When the person on whom the service is to be made resides out of the said Island, or has departed from said Island, or cannot, after due diligence, be found within said Island, or conceals himself to avoid the service of summons, when he is without any known residence or is a foreign corporation, having no managing or business agent, cashier or secretary within the Island, and the fact appears by affidavit to the satisfaction of the court or a judge thereof, and it also appears by such affidavit, or by the verified complaint on file that a service is to be made, or that he is a necessary or proper party to the action, such court or judge may make an order that the services be made by the publication of the summons."

And it concluded, as we have already said, that because the motion was not sworn to, the court did not acquire jurisdiction and the whole proceeding is null.

The case of *Vázquez* v. *Gutiérrez, supra,* does not have the scope given to it by the trial court. It was expressly said at page 167:

". . . . . We shall not now stop to consider without the aid of counsel the possibility that some provisions of the former code might be deemed to have continued in force as supplementary to the Mortgage Law and its Regulations.

"The service of an amended petition upon the mortgage debtor in the manner contemplated by the Code of Civil Procedure would

amount to a manifest absurdity. There is no 'defendant' within the meaning of that term as used in the Code of Civil Procedure upon whom such service could be made. The mortgage debtor, if served with an amended petition, could neither answer nor demur to the same.''

So it can not be said that the provisions of the Code of Civil Procedure in force are unavoidably applicable to all supplementary proceedings. Is this so far §94, *supra*? We are of the opinion that the question must be answered in the negative.

This court has repeatedly decided, and this is admitted by the court below, that the demand for payment to the mortgage creditor is equivalent to a notification of a judgment, giving him thirty days to satisfy it, *Perales* v. *District Court*, 43 P.R.R. 865; *Arzuaga* v. *District Court*, 43 P.R.R. 958, 964, since the order requiring the debtor to make payment, which the court issues in accordance with §170 of the Regulations, after examining the initial writing and the documents that should accompany the same ''is in the nature of a judgment by confession without antecedent process,'' *P. R. Leaf Tobacco Co.* v. *Aldrey*, 13 P.R.R. 228; *Perales* v. *District Court, supra,* and *Vázquez* v. *Gutiérrez, supra.* In *González* v. *Registrar*, 39 P.R.R. 753, it was decided, as appears from the syllabus, that:

''As the demand for payment in a mortgage foreclosure proceeding is a judicial act emanating directly from the judge or court, it should be served by an officer of the court.''

In the case of *Perales* v. *District Court, supra,* it was decided that although the demand ''is similar to a summons, since it gives notice to the debtor of the existence of the suit filed against him, *but this does not mean that both acts are exactly alike nor that they·should be carried and with the same formalities,*'' and after citing §176 of the Regulations, *supra,* §§275 and 262 of the Spanish Law of Civil Procedure and Manresa's Commentaries on the same, and not the sections

of the Code of Civil Procedure in force, were examined, and it was concluded that it was not necessary to deliver copy of the mortgage deed when serving the demand on the debtor and it was said that " . . . the courts should not, by reasons of minor errors which do not affect the substantial rights of the parties, annul proceedings which are in fact and in law entirely valid."

If the demand for payment is a judicial act that emanates directly from the judge or the court, because he has been convinced that the initial writing and the documents that accompany the same comply with all the legal requisites and said order is issued "without further proceedings" as §170 of the Regulations provides, then the order for the publication of edicts, once the marshal returns the demand after having served it in a legal manner, could proceed from the judge or the court without need of any motion.

We have been unable to find, either in the Spanish Law of Civil Procedure or in our Mortgage Law or its Regulations, anything that would require that the initial petition in the summary mortgage foreclosure proceeding or the motion for the publication of edicts for the summons be sworn to by the mortgage creditor. This being so, it can not be maintained that it is a previous jurisdictional requisite that the motion, praying that the unknown persons who are the heirs of a mortgage creditor be required to pay, has to be sworn to, as is required by §94, *supra,* for the summoning by edicts of a defendant in the usual civil case.

■ The trial judge, because of the conclusion to which he arrived with regard to reason "C", *supra,* abstained from deciding the grounds for nullity entitled "D" and "E," alleged in the complaint. The appellant in his brief also refrains from discussing said reasons, contending that we should remand the case to the court of origin, so that it will have the opportunity to pass upon the same in its first instance. We consider that this is not advisable, since all the

questions were raised originally before said court and they are before us by virtue of this appeal. So we said in denying a writ of certiorari in this same case, *Sociedad Protectora* v. *District Court,* 58 P.R.R. 452, when we said that we advised the parties to "abide by the pending appeal, in order that judgment be finally rendered, taking into consideration all the grounds of nullity alleged in the complaint."

■ With regard to the ground for nullity marked with the letter "D," which refers to the fact that the edicts were published in a different newspaper than the one designated in the order of the court, we are of the opinion that, although this is a practice that should not be followed, at the most it amounts to an irregularity which does not carry with it the nullity of the proceedings. What is important is that the edicts have been actually published, and this was established in the instant case. *De Jesús* v. *Colón,* 51 P.R.R. 371; *Federal Land Bank* v. *León,* 56 P.R.R. 850.

■ Finally, it is alleged under letter "E" that the summary mortgage foreclosure proceeding is void because, when the sale of the mortgaged property was ordered, no previous valuation of the same had been made.

From the initial petition in said proceeding it appears that the mortgage was constituted on November 11, 1924, and that the summary foreclosure proceeding was initiated on September 12, 1932, the sale having been held on March 28, 1934. Therefore, at the time of the execution of the mortgage deed in 1924, Act No. 69, approved May 1, 1931 (Laws of 1931, p. 432), amending §127 of the Mortgage Law, requiring that the valuation price fixed by the contracting parties shall serve as a basis for the first sale, was not yet in force, and it has been decided by this court in *Iglesias* v. *Registrar,* 43 P.R.R. 18, that said law was applicable only to deeds executed after the date on which said law became effective.

Also, in *Emanuelli* v. *District Court,* 49 P.R.R. 756, we decided that, with regard to mortgages constituted *after* Act No. 69 of 1931 was approved, if the valuation of the mortgaged immovable did not appear in the deed "the creditor can not foreclose his credit by the summary proceeding."

Section 175 of the Regulations for the Execution of the Mortgage Law, in one of its paragraphs, provides that—

"Creditors who have their rights recorded prior to the time the law goes into effect, may elect this summary procedure; but when the titles of their claims do not state the agreement of the debtor to a definite price for the auction, they must establish this agreement by means of a public instrument, or request a valuation, in accordance with the Law of Civil Procedure, in order to prepare the announcement of the sale; the rules of this section fixing the upset price for the protection of preferred claims being understood to be always applicable. The proceedings for the appointment of an expert shall be had at the time demand for payment is made, and shall relate to the same persons on whom such demand is to be served."

This paragraph was interpreted by this court in *Henna et al.* v. *Saurí & Subirá,* 22 P.R.R. 776, to the effect that it referred to those mortgage deeds executed prior to the year 1893, and that did not provide for a determined valuation of the property.

By Act No. 81, approved May 31, 1936 (Laws of 1936, p. 432), another paragraph of §175, *supra,* was amended, but this amendment did not affect the aforesaid transcribed paragraph, and then this court, interpreting both Act No. 69 of 1931, *supra,* and No. 81 of 1936, decided in the case of *Cotto* v. *District Court,* 52 P.R.R. 550, 551, the following:

Before 1893 a mortgage creditor had no necessity of making a previous assessment or valuation of the property in the deed. Section 127 of the Mortgage Law of 1893, however, provided for such an assessment and Section 175 of the Regulations offered a manner in which to cure such an omission as to mortgages executed prior to such statute if they were to be summarily foreclosed. Then came the Act of March 9, 1905, providing for the mode in which to obtain the satisfaction of judgments. From 1905 until 1931 it became

810

unnecessary for secured creditors and debtors to agree in the mortgage deed or thereafter upon a price to be fixed to the mortgaged property. In 1931, the Legislature approved Act No. 69 of 1931 (Laws, p. 442) which reenacted Section 127 of the Mortgage Law in the sense that it required mortgage deeds once more to recite the valuation to be given to the premises upon the first foreclosure sale and amended it in that it required more than an auction sale. As a result of this Act, which this Court in the case of *Iglesias v. Registrar*, 43 P.R.R. 18, *held was prospective*, it was subsequently decided that if a mortgage deed was executed *after its enactment* without reciting therein the valuation of the property, the mortgage creditor was limited to an ordinary suit to foreclose his mortgage and barred from exercising the summary proceeding. *Emanuelli v. District Court*, 49 P.R.R. 756." (Italics ours.)

"   *    *    *    *    *    *    *

"We have read the Acts of 1931 and 1936 carefully, and have interpreted their enactment as expressive of a legislative intent to put into force a complete system for the valuation of property before sale, somewhat similar to that existing between 1893 and 1905. We think the Act of 1936 covers all mortgages recorded prior to its enactment. Furthermore, it is our opinion that the Act is retroactive and merely affects the procedure to be followed in the summary foreclosure of a mortgage, *when the deed does not express the minimum price at which the property will be put up at the first foreclosure sale.* Such an interpretation leads toward the establishment of a uniform procedure for all summary foreclosures of a mortgage." (Italics ours.)

The reconsideration of this case was asked, and it was denied, *Cotto v. District Court*, 53 P.R.R. 349, it being said, nevertheless, in the opinion, the following:

We realize the force of the arguments presented by the petitioner. Nevertheless, the Act of 1936, *supra*, while styled an amendment, was, with an irrelevant alteration, substantially a re-enactment of section 175 of the Regulations for the Execution of the Mortgage Law as it had already stood on the statute books. Thus the legislature again revealed its intention that a valuation of the property was an indispensable prerequisite to a summary foreclosure proceeding.

"The petitioner, it is true, draws our attention to the fact that by the case of *Henna v. Saurí & Subirá*, 22 P.R.R. 776, 788, this

court interpreted section 175, *supra,* as only referring to mortgage deeds executed before 1893. We, however, given the Acts of 1931 and 1936, can arrive at no other conclusion but that the legislature intended to give section 175 as amended, a broader scope. It *restores the summary remedy* to those mortgages falling under our decision in the case of *Emanuelli* v. *District Court,* 49 P.R.R. 756.

"\*         \*         \*         \*         \*         \*         \*

"The petitioner calls our attention to the difficulty that might arise to mortgage creditors who have foreclosed their liens *after* 1936 for mortgages drawn up prior to 1931 and who proceeded under the assumption *that a valuation was unnecessary.* We have the idea that those cases will be relatively few and they are not distinctly before us. It is possible that such mortgages could be protected by a principle of *stare decisis* although we are not called upon to make this holding. *Anything we said to the contrary in our main opinion should be interpreted in the light of the above possibility, if stare decisis is applicable.*"   (Italics ours.)

The facts in the instant case are different from those in the *Cotto* case, *supra.* There a mortgage was summarily foreclosed, after the reenactment in 1936 of §175 of the Regulations, which mortgage was executed prior to 1931 and in which no valuation of the farm was made, and it was decided that, in order not to make the proceedings void, the provisions of the aforesaid §175 had to be complied with, and the valuation had to be made before making the sale. In the opinion handed down on reconsideration, it was specifically said that, with regard to those cases in which the mortgage creditors had foreclosed their liens *after* 1936 in satisfaction of mortgages executed *before* 1931, without complying with the valuation requisite, the decision should be interpreted with a view to the possibility of *stare decisis* being applicable.

We are of the opinion that in the instant case, the mortgage having been constituted prior to 1931 and also summarily foreclosed prior to 1936, that is, before the interpretation given to Act No. 69 of 1931, and Act No. 81 of 1936, in the case of *Cotto* v. *District Court, supra,* it should be

governed by the doctrine of *stare decisis,* and in accordance with what was decided in the case of *Henna* v. *Saurí and Subirá, supra,* to the effect that the fact that no valuation was agreed to in the mortgage deed was not an impediment to proceed in by way of a summary foreclosure proceeding, and that §175 refers only to deeds executed prior to 1893, and this being so, we must conclude that the ground for nullity alleged in "E" by the appellees does not exist.

The judgment appealed from is reversed and another entered granting judgment for the plaintiff, with costs.

Mr. Justice De Jesús did not participate herein.